UNITED STATES of America,
Appellee,

v.

Udo ROTMISTRENKO, Defendant–
Appellant.

No. 07–2294–cr.

United States Court of Appeals,
Second Circuit.

Aug. 7, 2008.

Edward S. Zas, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Anthony S. Barkow, Jonathan S. Kolodner, Assistant United States, Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Udo Rotmistrenko appeals a judgment of the Southern District of New York (Batts, *J.*). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In May 2005, Rotmistrenko pled guilty to an indictment charging him with twelve substantive counts of wire fraud and twelve substantive counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2. The district court sentenced him to 51 months of imprisonment, three years of supervised release, a mandatory $2400 special assessment, and restitution to the victims of his crime in the amount of $1,840,010. Rotmistrenko appeals his sentence.

In assessing a sentence, we do not substitute our own judgment for that of the sentencing court, but rather provide a review based on the reasonableness of the sentence "akin to [review for] abuse of discretion." *United States v. Kane*, 452 F.3d 140, 144 (2d Cir.2006) (per curiam) (internal quotation marks omitted). This review for reasonableness has a procedural and a substantive component. *United States v. Florez*, 447 F.3d 145, 157 (2d Cir.2006). "The procedural inquiry focus-

es 'primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a).'" *Id.* (quoting *United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005)). We also review a sentence for its substantive reasonableness, considering whether the length of the sentence is reasonable in light of the applicable United States Sentencing Guidelines range and other relevant factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir. 2006).

Rotmistrenko argues for the first time on appeal that the district court imposed a procedurally unreasonable sentence because it "did not adequately set forth the reasons for its sentence, and failed to address ... any of [his] many substantial arguments for a below-Guidelines sentence." Because he failed to raise this contention before the sentencing court, we review for plain error. *United States v. Villafuerte,* 502 F.3d 204, 208 (2d Cir. 2007).

We find no error, much less plain error. The district court stated that based on "the relevant sections of the advisory sentencing guidelines[;] ... the sentencing factors set forth in [18 U.S.C. § 3553(a);] ... the facts of this case[;] ... and the submissions of the parties[,] ... there [was] no reason to depart from the advisory sentencing guideline range." It further explained that the sentence, which was at the lowest end of the Guidelines range, was appropriate because Rotmistrenko had engaged in a "massive scheme [that] went on for over four years where millions of dollars were lost by many individuals who could ill afford to be swindled of their savings and retirement funds" and because he knew that his clients' "monies were not used for the purposes they entrusted them to [him]." The record demonstrates that the district court "listened to each argument [,] ... considered the supporting evidence[,] ... [and] simply found [the] circumstances insufficient to warrant a sentence lower than the Guidelines range," in light of the seriousness of the offense and the impact on victims. *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). Although the district court did not comment on Rotmistrenko's argument that his cooperation or other factors warranted a below-Guidelines sentence, "[t]he absence of explicit discussion of [a defendant's] specific argument ... does not overcome [the] strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *Fernandez,* 443 F.3d at 33. The district court's statement of the reasons supporting its sentence may have been "brief," but was nonetheless "legally sufficient." *Rita,* 127 S.Ct. at 2469.

We have considered the appellants remaining arguments and find them to be without merit. Accordingly, the sentence is AFFIRMED.